USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 97-2149

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 LUIS ARESTIGUETA,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. D. Brock Hornby, U.S. District Judge]

 Before

 Selya and Boudin, Circuit Judges,
 
and Schwarzer, Senior District Judge.

 Thomas A. Dougherty, by appointment of the court, for
appellant.
 Margaret D. McGaughey, Assistant United States Attorney, with
whom Jay P. McCloskey, United States Attorney, and Jonathan R.
Chapman, Assistant United States Attorney, were on brief for the
United States.

June 10, 1998

 
 Per Curiam. Luis Arestigueta was charged with conspiracy
to possess cocaine with intent to distribute and, separately, with
possession of cocaine with intent to distribute. 21 U.S.C. 
841(a)(1), 846. The jury convicted Arestigueta on the conspiracy
count but found him not guilty on the charge of possession with
intent to distribute. Arestigueta appeals, raising two different
issues.
 1. The first claim of error is addressed to the district
court's refusal to suppress evidence obtained on the arrest of
Arestigueta and his "partner," Raymond Maxwell. The two men were
taken into custody, and a quantity of cocaine was seized from their
vehicle, when they were stopped during a drive back from New York
City to Maine. The basis for the suppression motion was a claim
that the affidavit supporting the search warrant contained false
information.
 The affidavit supporting the warrant described
information linking Arestigueta and Maxwell with an intended trip
to New York to obtain cocaine, and the information itself was more
than adequate to support the warrant, but much of it was attributed
to an informant. The gist of Arestigueta's complaint is that the
affidavit described the informant as a "concerned citizen" when in
fact the individual had previously been in police custody and had
a criminal record. On this basis, Arestigueta sought a hearing
under Franks v. Delaware, 438 U.S. 154 (1978).
 Under Franks, a defendant can obtain a suppression
hearing if he makes a substantial preliminary showing that a false
statement, made knowingly or with reckless disregard for the truth,
was included in the affidavit and was necessary to finding probable
cause. See id. at 155-56. In this instance, the reference to a
"concerned citizen" standing alone might have been misleading; but
the affidavit also disclosed the existence of the informant's
criminal record, and the usage "concerned citizen"--although
unwise--may only have been intended to make clear that the source
was not a regularly used confidential informant.
 In all events, it is patent that the label "concerned
citizen" was unnecessary to the warrant and that the remaining
information in the affidavit amply justified the warrant. The
source provided a detailed description of the intended crime, and
subsequent police observation confirmed the preparatory steps in a
manner consistent with the source's description. All this was
recounted in the affidavit. The district court was clearly right
in denying a Franks hearing.
 2. The more substantial issue on appeal concerns
Arestigueta's request for new trial based on newly discovered
evidence. A critical witness against Arestigueta was his partner-
in-crime, Raymond Maxwell. Maxwell's evidence was ample to convict
Arestigueta, if believed, but Maxwell had a criminal record and was
caught on the stand in some inconsistencies. Nevertheless, the
jury was persuaded beyond a reasonable doubt that Arestigueta knew
about and had agreed to acquire the cocaine for distribution, even
if he had not actually possessed it.
 After his conviction, Arestigueta produced two prisoners
from the facility in which Maxwell was incarcerated; both were
prepared to say that Maxwell had told them after the conviction
that Arestigueta had not known of the presence of the cocaine in
the car. The district judge held a hearing on the motion for new
trial, the government agreeing that the evidence from the prisoners
was not previously known or available to Arestigueta. See United
States v. Slade, 980 F.2d 27, 29 (1st Cir. 1992). The government
also conceded that there was no lack of diligence in obtaining the
new evidence and that the evidence was material. See id.
 The remaining requirement for a new trial in a criminal
case is that "the impact of the new evidence is so strong that an
acquittal would probably result upon retrial." Slade, 980 F.2d at
29 (emphasis added). The district court concluded that
Arestigueta failed to carry his burden of establishing this
prerequisite, and Arestigueta seeks our review on this issue. The
district court's judgment on the issue is reviewed under an abuse
of discretion standard. United States v. Wright, 625 F.2d 1017,
1019 (1st Cir. 1980).
 Taken alone, a post-trial admission by the principal
prosecution witness that he had lied about the defendant's guilty
knowledge might appear very telling. But in this instance, Maxwell
was also prepared to testify that he had made these remarks out of
fear of being labeled a "rat" in prison, and that one of the new
"witnesses" had intimidated Maxwell into disavowing his court
testimony. The jury on retrial would have been told by Maxwell
that his original trial testimony was truthful and had been
recanted only out of a fear that few would find implausible.
 Of course, the case against Arestigueta depended heavily
upon Maxwell, whose past record and continued misstatements during
his trial testimony made him a vulnerable witness. But all this
was known to the jury. It is far from clear that Maxwell's later
admissions to fellow prisoners, plausibly explained as they were,
would have done much more to damage Maxwell's credibility. The
admissions were certainly material evidence but their weight as
impeaching evidence was limited.
 At the same time, the case against Arestigueta was
reasonably strong. Arestigueta had made an unexplained brief trip
to New York with Maxwell and signed on as a co-driver of the rental
car. In New York, he had admittedly visited his family, whom
Maxwell said were the source of the drugs. And cocaine was found
under the front seat of the car when, on their return trip to
Maine, Maxwell and Arestigueta were arrested in accordance with the
informant's tip.
 Under these circumstances, we agree that the new evidence
is not such as would "probably" have resulted in an acquittal, and
we certainly do not think that the district court's well-reasoned
decision denying the new trial motion was an abuse of discretion.
 Affirmed.